# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WENDY LYNN TAGHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12-00293-CV-C-DGK-SSA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's (the "Commissioner") decision denying Plaintiff Wendy Taghan's applications for Social Security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments, including rheumatoid arthritis of the hands, but she retained the residual functional capacity ("RFC") to perform work as an optical goods worker, a surveillance system monitor, and a check cashier. Plaintiff challenges this determination.

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Court AFFIRMS the Commissioner's decision denying benefits.

### Factual and Procedural Background

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her applications on February 19, 2009, alleging a disability onset date of December 12, 2008. The Commissioner denied her claims initially and reaffirmed the denial

upon reconsideration. Plaintiff appealed to an ALJ. On April 27, 2011, after conducting a video hearing, the ALJ found that Plaintiff was not disabled under the regulations. On January 25, 2012, the Appeals Council denied her request for review, leaving the ALJ's determination as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

**Analysis**

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be

expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1]

Plaintiff contends the ALJ erred at Steps Four and Five. As for Step Four, Plaintiff argues that the ALJ erred by: (1) failing to include a more restrictive RFC limitation on her ability to handle and finger objects; and (2) failing to develop the record with regard to these same limitations. Turning to Step Five, Plaintiff argues the ALJ erred in improperly formulating the hypothetical question posed to the vocational expert ("VE"). Each argument lacks merit.

**A. The ALJ did not err at Step Four.**

Plaintiff first challenges the ALJ's formulation of her RFC. A claimant's RFC is the most that she can still do despite her physical or mental limitations. *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007). In formulating the RFC, the ALJ must consider all the record evidence, including medical records, physicians' opinions, and the claimant's subjective statements about her limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). The claimant, however, bears the ultimate burden of demonstrating her RFC. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010).

Here, after a careful analysis of the medical records, physician opinions, and Plaintiff's testimony, the ALJ concluded that Plaintiff retained the RFC to perform sedentary work with a litany of additional restrictions. R. at 66. Among the many restrictions, the ALJ found

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); see 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Plaintiff's rheumatoid arthritis in her hands limited her to jobs involving only "frequent handling and fine and gross manipulation." R. at 66. On appeal, Plaintiff contests only this finding.

Plaintiff first contends that the ALJ failed to rely on medical evidence in finding that she could frequently handle and finger objects. In particular, Plaintiff argues that the opinions of agency reviewing physicians Dr. Sumanta Mitra, M.D. ("Dr. Mitra") and Dr. Janie Vale, M.D. ("Dr. Vale") supported a more limited finding concerning her ability to use her hands. According to Plaintiff, the ALJ ignored these opinions and impermissibly substituted his own medical opinion for theirs. The Court disagrees.

The ALJ's finding is fully consistent with the opinions of Drs. Mitra and Vale. First, the ALJ explicitly adopted Dr. Mitra's opinion regarding Plaintiff's limitations in handling objects, because he, like Dr. Mitra, limited Plaintiff to positions involving only frequent handling. R. at 66, 367. Second, the ALJ incorporated Dr. Vale's opinion. As noted above, the ALJ limited Plaintiff to positions involving "frequent" handling and fingering. R. at 66. Under the regulations, the term "frequent" means "occurring from one-third to two-thirds of the time." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Thus, by finding that Plaintiff could "frequently" handle and finger objects, the ALJ, like Dr. Vale, found that Plaintiff was "limited" in her ability to handle and finger objects. R. at 420. Moreover, Plaintiff fails to cite any other credible record evidence supporting a more restrictive finding. Therefore, the Court finds no merit to Plaintiff's first contention.

Plaintiff next contends that the ALJ failed to develop the record with regard to her ability to finger and handle objects. An ALJ must fully and fairly develop the medical record when a crucial issue is underdeveloped. *See Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012) ("Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on his ability to work."). Here, however, the record

4

contained sufficient evidence—including Drs. Mitra's and Vale's opinions, Plaintiff's testimony, and objective medical records—for the ALJ to assess the impact Plaintiff's arthritis had on her ability to perform work. R. 89-90, 239, 301, 342, 352, 364-71, 418-23, 431. Thus, the ALJ did not err in failing to develop the record.

### B. The ALJ properly formulated the hypothetical question posed to the VE.

Plaintiff finally posits that the ALJ's hypothetical to the VE should have included a more restrictive finding on her ability to finger and handle objects. The Court finds no merit to this contention.

In posing a hypothetical question to the VE, an ALJ need only include those impairments and limitations supported by the record. *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). As discussed above, the record evidence—including Drs. Mitra's and Vale's opinions—supported the ALJ's finding that Plaintiff could frequently handle and finger objects. And Plaintiff fails to cite any record evidence supporting a more restrictive finding. Thus, the ALJ did not err by including this finding in the hypothetical posed to the VE.

### Conclusion

Since substantial evidence on the record as a whole supports the ALJ's decision, the Court AFFIRMS the Commissioner's denial of benefits.

**IT IS SO ORDERED.**

Date: August 22, 2014          /s/ Greg Kays
                               GREG KAYS, CHIEF JUDGE
                               UNITED STATES DISTRICT COURT